775 P.2d 143

### George C. SQUIRE, Jr. and Nancy Squire, husband and wife, Plaintiffs–Appellants,

v.

### EXCHANGE INSURANCE COMPANY, a New York Corporation, Defendant–Respondent.

### No. 17505.

Court of Appeals of Idaho.

April 19, 1989.

Petition for Review Denied July 11, 1989.

Darrel W. Aherin, Aherin & Rice, Lewiston, for plaintiffs-appellants.

Bruce R. McAllister, Quane, Smith, Howard & Hull, Boise, for defendant-respondent.

HART, Judge Pro Tem.

## INTRODUCTION

This action arose after a fire damaged appellant George Squire's office. Squire was the beneficiary of a fire insurance policy issued by respondent Exchange Insurance Company. Squire and his wife, Nancy, and Bernie Rakozy, their bankruptcy trustee, alleged in their complaint that Exchange failed to properly adjust and pay their claim.[1] Squires sought damages against Exchange under the theories of breach of contract and bad faith claim adjustment; they also sought punitive damages.

Exchange moved for partial summary judgment. The district court granted Exchange's motion and entered an order dismissing Squire's claims for bad faith claim adjustment and for punitive damages. The district court certified its order as final and Squires' perfected this appeal. Squires argue that the district court erred, as genu-

---

1. Although Rakozy appeared as a plaintiff in this action, he did not participate in this appeal. The record does not disclose whether Rakozy is still a real party in interest or whether his claims have been settled. For the purpose of this appeal only, we have deleted his name from the caption of the case.

ine issues of material fact existed as to Exchange's conduct. We affirm the district court's order.

The standard of review for an order granting summary judgment requires us to determine whether a genuine issue of material fact existed and whether the moving party was entitled to summary judgment as a matter of law. We construe the allegations of fact and the reasonable inferences to be drawn therefrom in the light most favorable to the opposing party when making this determination. *Hirst v. St. Paul Fire & Marine Ins. Co.*, 106 Idaho 792, 683 P.2d 440 (Ct.App.1984). We note the following facts from the record as construed in the light most favorable to the Squires.

### I

Squire, a chiropractor, filed for bankruptcy shortly before a fire damaged his office. Two insurance companies, Exchange and United Pacific Insurance Company, had fire insurance policies on Squire's office that were in effect at the time. Exchange and United met after the fire and agreed that each would pay a proportionate share of Squire's losses.

United hired a loss adjuster to investigate the possibility that Squire intentionally started the fire. Although Exchange also hired a loss adjuster to investigate this possibility, Exchange satisfied itself that Squire did not start the fire and agreed to pay its proportionate share of Squire's losses under the terms of its policy, which included the following limitation:

> This policy covers replacement cost of the Business Personal Property *owned by the insured*, usual to the occupancy of the insured, at the premises described in the Declaration for which a limit of liability is shown, including:
>
> 1. similar *property* held by the insured and belonging in whole or in part to others but not exceeding the amount for which *the insured is legally liable....*

(Emphasis added.)

Based upon this limitation, Exchange and United hired a law firm to opine whether the property in Squire's office was Squire's property or the bankruptcy estate's property. The law firm concluded that the bankruptcy estate owned certain items of property, rather than Squire, and that Squire was not legally liable for the bankruptcy estate's property. Exchange filed a motion for summary judgment in this regard. The district judge recused himself, the case was reassigned, and a master was appointed. The master concluded that Exchange was liable for the bankruptcy estate's property, and Exchange promptly paid its proportionate share of the losses.

Squire's property included an x-ray machine. Exchange acknowledged its obligation to repair or to replace the machine, and estimated that either option would cost $10,000. Shortly after Exchange paid its proportionate share of the estimated amount, Squire informed Exchange that the x-ray machines available for that amount were inadequate. Exchange located a new machine for $16,000, which, according to an expert, was equal to, or better than, Squire's original machine. Exchange then paid its proportionate share of the $6,000 difference. Squire ultimately purchased a different machine for $21,000. Exchange refused to pay its proportionate share of the $5,000 excess.

Exchange's policy covered Squire's property for the damages caused by the fire, smoke, and water; it also covered Squire's business for the losses caused by the fire's interruption of business, including opportunity costs. The latter component extended for twelve months after the fire. Squire claimed $38,000 in business losses as a result of the fire. Exchange hired a certified public accountant to calculate Squire's business losses. The accountant estimated Squire's losses at $20,000. Exchange promptly paid its proportionate share of this amount.

Squire contested the accountant's methodology and supplied his own figures. The accountant recalculated Squire's business losses using Squire's figures, but corrected certain mathematical inequalities and rejected certain unrealistic assumptions. For example, the accountant rejected Squire's

assumption as unrealistic that his pool of patients would grow at a specified rate when it had not grown in the months preceding the fire. The accountant's recalculated estimate was lower than his original estimate. Exchange refused to pay any more money than it had already paid, but did not require Squire to reimburse it as a result of the lower estimate.

## II

The Idaho Supreme Court recently ruled that an insurance company can be liable in tort for its conduct when adjusting a claim: "[W]here an insurer intentionally and unreasonably denies or delays payment on a claim, and in the process harms the claimant in such a way not fully compensable at contract, the claimant can bring an action in tort to recover for the harm done." *White v. Unigard Mutual Ins. Co.,* 112 Idaho 94, 98, 730 P.2d 1014, 1018 (1986). The Court also ruled that "[a]n insurer does not act in bad faith when it challenges the validity of a 'fairly debatable' claim, or when its delay results from honest mistakes." 112 Idaho at 100, 730 P.2d at 1020.

Applying *White,* we affirmed an order granting summary judgment in *Greene v. Truck Ins. Exchange,* 114 Idaho 63, 753 P.2d 274 (Ct.App.1988). The order dismissed a count for bad faith claim adjustment. We conclude that the present action is controlled by *Greene.* We observe that Exchange discharged its contractual obligations to Squire by promptly acknowledging, investigating, and paying—based upon a good faith evaluation—Squire's claim. We disagree with Squire's contention that Exchange moved so slowly and paid so little that its bad faith is manifest.

We specifically note that the questions whether Squire owned the bankruptcy estate's property or whether he was liable therefor were questions of first impression in Idaho. These questions were "fairly debatable." The fact that Exchange did not prevail on these questions does not detract from the reasonableness of its conduct in litigating them. Exchange promptly paid its proportionate share of Squire's

losses after the master rendered his decision against Exchange.

We further note that Squire's claims for his x-ray machine and business losses were "fairly debatable." Exchange properly conducted itself and adequately explained its position to Squire with respect to these claims. Squire has failed to explain how Exchange's conduct or position was unreasonable. We express no further opinion with respect to these claims, as they also relate to Squire's remaining cause of action for breach of contract.

## CONCLUSION

We affirm the district court's order granting partial summary judgment to Exchange, thereby dismissing Squire's claims for bad faith claim adjustment and for punitive damages. We allow costs to respondent, but do not award any attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.